U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 0 1 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TIMOTHY E. ROBERTSON | CIVIL ACTION NO. 05-1848-A |
| VS. | SECTION P |
| GARY ALLEN, WARDEN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Timothy E. Robertson on or about October 24, 2005. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Claiborne Parish Detention Center, Homer, Louisiana, where he is serving a five year sentence imposed following his April 21, 2003 conviction for possession of methamphetamine in the Eighth Judicial District Court, Winn Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, its accompanying memorandum and exhibits establish the following relevant facts:

1. On April 21, 2003 petitioner entered into a plea agreement and pled guilty to a charge of possession of

methamphetamine. According to the terms of the plea agreement, the original charge of manufacture of amphetamine was dropped and in return for the petitioner's plea to the lesser charge, the parties agreed to a sentence of five years at hard labor and a fine of $2500. Additionally, the plea agreement called for the suspension of two years of the sentence and supervised probation. [See Exhibits, Transcript of Guilty Plea Colloquy and Sentencing; Bill of Information]

    2. Petitioner did not appeal his conviction and sentence. [Doc. 1-1, p. 1]

    3. On January 31, 2005 petitioner filed an Application for Post-Conviction Relief. On February 1, 2005, the application was denied. [Exhibits - Order 2/1/2005]

    4. On April 21, 2005 petitioner filed a pleading entitled, "Motion for Amendment" raising claims of ineffective assistance of counsel, incompetent witness, and insufficient evidence. [Exhibits, "Motion for Amendment"] On April 26, 2005 the Motion was denied. [Exhibits - Order 4/26/2005]

    5. On May 17, 2005 petitioner filed a "Motion of Appeal." On May 20, 2005 his Motion was denied. [Exhibits - Order 5/20/2005]

    6. On May 31, 2005 petitioner filed an Application for Supervisory Writs in Louisiana's Second Circuit Court of Appeals. On June 22, 2005 that court denied writs and stated, "The trial court did not err in denying an appeal. Review of the denial of

post-conviction relief applications, or motions to correct an illegal sentence, is by supervisory writ and not by an appeal. To the extent that the applicant may be seeking relief on the underlying claims, the writ is inadequate to warrant relief and is denied on the showing made." [See Exhibits – State of Louisiana v. Timothy E. Robertson, No. 40351-KH (La. App. 2d Cir. 6/23/2005)]

7. On July 5, 2005 petitioner filed another writ application in the Second Circuit. On July 21, 2005 that court denied writs finding, "There is no showing that any of the claims discernable from these pleadings have any merit, or that the trial court erred in denying the motion." [Exhibits – State of Louisiana v. Timothy E. Robertson, No. 40467-KH (La. App. 2d Cir. 7/21/2005)]

8. Petitioner signed his federal *habeas corpus* petition on October 20, 2005 and it was received and filed on October 24, 2005.

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); In Re Smith, 142 F.3d 832, 834, citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998).

Federal courts may raise the one-year time limitation *sua*

---

[1] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

sponte. <u>Kiser v. Johnson</u>, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. §2244(d)(1)(A)], thirty days following the April 21, 2003 imposition of sentence[2] or, on or about May 21, 2003. Under 28 U.S.C. § 2244(d)(1) he had one year, or until May 21, 2004 to file his federal *habeas* petition.

Petitioner cannot rely on the statutory tolling provision of §2244(d)(2) because he did not file his first collateral attack in the state courts until January 31, 2005, and by that time, the limitations period had already expired. Neither the January 31, 2005 filing, nor any of his subsequent filings could operate to toll the limitations period since these proceedings were filed <u>after</u> the limitations period had already expired, and, as stated above, the lapse of time <u>before</u> the proper filing of the

---

[2] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken."

Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days. The amendment became effective on August 15, 2003 [See LA Bill Hist., 2003 Reg. Sess.] after petitioner's April sentencing date. Nevertheless, for the purposes of this Report, petitioner has been given the benefit of the amendment in the determination of the finality of judgment.

application for post-conviction relief must be counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998).

Thus, a period of more than twelve un-tolled months elapsed between the date that petitioner's conviction became final and the date that his federal suit was filed; accordingly, his *habeas* claims are barred by the timeliness provisions codified at 28 U.S.C. § 2244(d).

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by**

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this ____ day of _____, 2004.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE